IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DAVISON DESIGN & DEVELOPMENT, INC., )
)
) Case No. 2:17-cv-01468
    Plaintiff, )
)
v. ) The Honorable Joy Flowers Conti
)
BETTY FRISON, )
)
    Defendant. )

**DEFENDANT, BETTY FRISON'S ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES**

Filed on Behalf of Defendant:

Betty Frison

Counsel of Record for This Party:
Daniel W. Ernsberger, Esquire
PA I.D. #30703

BEHREND & ERNSBERGER, P.C.
355 Fifth Avenue
Park Building, 12th Floor
Pittsburgh, PA 152222
(412) 391-2515
(412) 391-2762 - Facsimile
behrendlawyers@aol.com

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVISON DESIGN & DEVELOPMENT, INC., | ) ) ) Case No. 2:17-cv-01468 -JFC |
| Plaintiff, | ) ) |
| v. | ) ) |
| BETTY FRISON, | ) ) |
| Defendant. | ) ) |

## DEFENDANT'S ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES

AND NOW, comes Betty Frison by and through her counsel Daniel W. Ernsberger, Esquire and the law firm of Behrend & Ernsberger, P.C. and hereby files this Answer to Complaint and Affirmative Defenses.

## NATURE OF THE CASE

1. The paragraph one is admitted. Davison Design seeks an Order from this Court vacating, or, in the alternative, modifying the August 14, 2017 American Arbitration Association award ("Award").

2. Defendant denies the allegations set forth in Paragraph 2 of the Complaint. The award should not be vacated.

3. Defendant denies the allegations set forth in Paragraph 3 of the Complaint. The award should not be modified.

## PARTIES AND JURISDICTION

4. Defendant admits that the Plaintiff Davison Design is an invention-services company incorporated in Pennsylvania with a principal place of business at 595 Alpha Drive, Pittsburgh, PA 15238.

5. Defendant denies the allegations set forth in Paragraph 5 of the Complaint. If a customer has an idea, the customer can call Davison; however, Davison does not do invention marketing services. Davison leads it's customers to believe that Davison does invention marketing services and leads the customer to believe that the customer has a reasonable chance of success, however, Davison does not give the customer a reasonable chance of success.

6. Paragraph six is Admitted. Defendant Ms. Frison is a citizen of the State of Illinois who engaged Davison Design to assist with the development of an idea she claims to have originated.

7. Defendant denies the allegations of jurisdiction set forth in Paragraph seven. According to an Arbitration Agreement any claims against Davison Design & Development were to go through the American Arbitration Association, and appealed according to the agreed procedure.

8. Defendant admits the allegations of venue in Paragraph 8 of the Complaint. According to an Arbitration Agreement any claims against Davison Design & Development were to be in Pittsburgh, Pa.

## FACTUAL BACKGROUND

**A.  Did Ms. Frison Submit Her Idea to Davison Design and Acknowledge Numerous Disclosures.**

9. Defendant Frison admits the allegations set forth in Paragraph 9 of the Complaint. Ms Frison made an electronic submission of her idea on or about March 24, 2014.

10. Defendant denies the allegations set forth in Paragraph 10, 11, 12, 13 14, 15, 16, 17. The online submission process was deceptive and misleading for the reasons stated in Ms. Frison's complaint in arbitration. Ms Frison understood that Davison would review her idea, in a no cost

consultation, and Davison would tell her whether it was any good before she had to spend any money. Davison lead Ms. Frison to believe that Davison offered a reasonable chance of successful invention marketing when in fact Davison offered little or no chance of success.

### B. Did Ms. Frison and Davison Design Enter Into a Pre-Development Agreement, which Contained Additional Disclosures

11. In response to paragraph 18, Defendant denies that she entered into three related contracts through the online submission process. She signed the Integrated Product Rendering Agreement which was mailed to her.

12. In response to Paragraph 19 - 25 of the Complaint, Defendant Frison admits that she signed the Integrated Product Rendering Agreement on July 14, 2014 and did pay for services. The terms of that agreement are stated in the agreement. All other allegations are denied. In particular, Ms. Frison did not sign the Pre-development agreement. Ms. Frison did not sign any agreement that contained an integration clause expressly stating that "[t]his agreement contains the entire agreement between the parties as it pertains to the attempt to have the product or design licensed or sold to a Licensee." To the contrary, Mrs. Frison was told that her idea was "reasonable." Davison lead Ms. Frison to believe that Davison offered a reasonable chance of successful invention marketing when in fact Davison offered little or no chance of success, as more fully described in her arbitration complaint.

### C. The Arbitration Between the Parties.

13. In response to Paragraph 26 - 34 of the Complaint, Defendant admits that there was an arbitration, and that there was briefing, and the arbitrator made an award in favor of Ms. Frison on August 14, 2017. The terms of the briefing and the award are stated in those

documents. All other allegations are denied. In particular, Defendant Frison denies that the arbitration decision was in error, for the reasons more fully stated in Defendant's Frison's Motion to Dismiss and in Defendant's Frison's response to Plaintiff's motion to vacate the arbitration award.

## COUNT I - Vacatur of Arbitration Award

14. In response to Paragraph 35, Defendant incorporates by reference herein her response to Paragraphs 1 through 34.

15. Paragraph 36 is a conclusion of law to which no response is required.

16. In response to Paragraph 37, 38 and 39, Defendant Frison admits that there was an arbitration, and that there was briefing, and the arbitrator made an award in favor of Ms. Frison on August 14, 2017. The terms of the briefing and the award are stated in those documents. Defendant Frison denies that the arbitration decision was in error, for the reasons more fully stated in Defendant's Frison's Motion to Dismiss and in Defendant's Frison's response to Plaintiff's motion to vacate the arbitration award.

17. Defendant denies the allegations in Paragraphs 40 and 41 for the reasons more fully stated in Defendant's Frison's Motion to Dismiss and in Defendant's Frison's response to Plaintiff's motion to vacate the arbitration award.

## COUNT II - Modification of arbitration Award (in the alternative only)

18. In response to paragraph, 42, Defendant incorporates by reference her response to Paragraphs 1 through 41.

19. Paragraph 43 is conclusion of law to which no response is required. To the extent a response is required, it is hereby denied.

20. Defendant admits the allegations in Paragraph 44. The arbitrator did award Ms. Frison double her claimed actual damages "for Davison's deceptive actions."

21. Paragraph 45 is a conclusion of law to which no response is required. To the extent a response is required, it is hereby denied that enhanced damages are available only for willful or intentional misrepresentation. They are awarded according to the terms of the American Inventor's Protection Act for repeat misconduct, as more fully stated in Defendant Frison's Motion to Dismiss and in Defendant Frison's response to Plaintiff's motion to vacate the arbitration award.

22. In response to Paragraph 46, it is admitted that the arbitrator made an award. The terms of the award are stated in the award. The arbitrator awarded double damages "for Davison's deceptive actions."

23. Paragraph 47 is denied. The terms of the award are stated in the award. To the contrary, the arbitrator awarded double damages "for Davison's deceptive actions." The arbitrator had a proper basis for an award for double damages for the reasons more fully stated in Defendant Frison's Motion to Dismiss and in Defendant Frison's response to Plaintiff's motion to vacate the arbitration award.

24. Paragraph 48 is a conclusion of law to which to response is required. To the extent a response is required, it is hereby denied for the reasons more fully stated in Defendant Frison's Motion to Dismiss and in Defendant Frison's response to Plaintiff's motion to vacate the arbitration award.

### FIRST AFFIRMATIVE DEFENSE

25. The Complaint fails in whole or in part to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

26. The Complaint fails to establish a basis for not abiding by the Arbitration Award.

## THIRD AFFIRMATIVE DEFENSE

27. The Plaintiff failed to file the complaint in 30 days as required by law.

WHEREFORE, Defendant, Betty Frison, respectfully requests judgment as follows:

a. dismissing the Complaint in its entirety;

b. enforce the Arbitration award, which grants money to the Defendant, attorney's fees and costs as permitted by law; and

c. such other and further relief as this Court may deem just and proper.

Respectfully Submitted,

BEHREND & ERNSBERGER, P.C.

/s/ Daniel W. Ernsberger,
Daniel W. Ernsberger, Esquire
PA I.D. #30703
Attorney for Defendant, Betty Frison

# PROOF OF SERVICE

I, Daniel W. Ernsberger, Esquire, hereby certify that a true and correct copy of Defendant, Betty Frison's Answer to Complaint and Affirmative Defenses was sent to the parties listed below on this 9th day of April, 2018, by CM/ECF - Western District of Pennsylvania.

Anna Shabalov, Esquire
K&L GATES LLP
K&L GATES Center
210 Sixth Avenue
Pittsburgh, PA 15222-2613
Counsel for Davison Design & Development

J. Nicholas Ranjan
K&L GATES LLP
K&L GATES Center
210 Sixth Avenue
Pittsburgh, PA 15222-2613
Counsel for Davison Design & Development

BEHREND & ERNSBERGER, P.C.

/s/ Daniel W. Ernsberger
Daniel W. Ernsberger, Esquire
PA I.D. #30703

BEHREND & ERNSBERGER, P.C.
355 Fifth Avenue
Park Building, 12th Floor
Pittsburgh, PA 152222
(412) 391-2515