# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVISON DESIGN & DEVELOPMENT, INC., | ) )  ) |
| Plaintiff, | ) ) Civ. Action No. 2:17-cv-01468 |
| v. | ) ) |
| BETTY FRISON, | ) ) |
| Defendant. | ) ) |

## MEMORANDUM OPINION

CONTI, Senior District Judge.

## I. Introduction

Currently pending in this case arising under the Federal Arbitration Act, 9 U.S.C. §§ 1-16, 201-07, 301-07 ("FAA") is a motion for attorneys' fees and costs under the American Inventor's Protection Act of 1999, 35 U.S.C. § 297 ("AIPA") filed by defendant Betty Frison ("Frison"). (ECF No. 53.) On December 4, 2019, this court after consideration of the parties' motions for summary judgment (ECF Nos. 25, 29) confirmed an arbitration award dated August 10, 2017, (the "Award") issued in favor of Frison and against plaintiff Davison Design & Development, Inc. ("Davison Design"). (ECF Nos. 50-52.) The court entered judgment in favor of Frison and against Davison Design. (ECF No. 52.) For the reasons set forth in this opinion, Frison's request for attorneys' fees will be denied with prejudice and her request for costs will be denied without prejudice to Frison filing a bill of costs with the Clerk of Court.

## II. Attorneys' Fees

### A. Applicable Law

The starting point for the analysis in this case is the "American rule," which creates a presumption that each party will bear its own counsel fees in the absence of a specific statutory or contractual entitlement. Polonski v. Trump Taj Mahal Assoc., 137 F.3d 139, 145 (3d Cir. 1998). The presumption may be overcome by a statute that provides for an award of attorneys' fees in the case or a valid contract between the parties that allocates attorneys' fees. Travelers Cas. & Sur. Co. of Am. v. Pac. Gas & Elec. Co., 549 U.S. 443, 448 (2007) (citing Fleischmann Distilling Corp. v. Maier Brewing Co., 386 U.S. 714, 717 (1967)). A district court may also award attorneys' fees to a party in the "exercise of…[its] equitable powers" when the party's opponent has acted "in bad faith, vexatiously, wantonly, or for oppressive reasons." Hall v. Cole, 412 U.S. 1, 5 (1973). The party seeking attorneys' fees "bears the burden of establishing entitlement to an award…." Hensley v. Eckerhart, 461 U.S. 424, 437 (1983); Calbex Mineral Ltd. v. ACC Res. Co., L.P., 90 F. Supp. 3d 442, 469 (W.D. Pa. 2015); Fickinger v. C.I. Planning Corp., 646 F. Supp. 622, 633 (E.D. Pa. 1986)).

**B. Discussion**

Frison argues that she is entitled to attorneys' fees under the AIPA, i.e., the AIPA provides a statutory basis to overcome the American Rule presumption that each party bears its own attorneys' fees. (ECF No. 53 ¶¶ 7-8.) Davison Design argues in opposition that the FAA—and not the AIPA—governs this case in this court and neither the FAA nor the parties' agreements provide for an allocation of attorneys' fees. (ECF No. 55 ¶ 15.) The court agrees with Davison Design that Frison cannot satisfy her burden to overcome the presumptive American Rule and show entitlement to attorneys' fees. Neither the FAA nor the parties' agreements provide for attorneys' fees in connection with the confirmation proceedings in the district court. The arbitrator decided Frison's entitlement to attorneys' fees under the AIPA, and this court

confirmed the arbitrator's decisions on those issues. Frison does not argue that she is entitled to attorneys' fees under this court's power in equity based upon Davison Design's bad faith, vexatious, wanton, or oppressive conduct. Under those circumstances, Frison did not show that she is entitled to attorneys' fees based upon her victory here in federal court.

> **1. The Parties' Agreements Do Not Provide a Basis upon which to Overcome the Presumptive American Rule or Entitle Frison to Costs.**

The American Rule may be overcome by an agreement among the parties. As explained in the court's opinion setting for the reasons Frison's motion for summary judgment would be granted, Frison and Davison Design entered into two agreements relevant to this case: (1) a Pre-Development Representation Agreement ("Pre-Development Agreement"); and (2) an Integrated Product Rendering Presentation Agreement ("IPRPA"). (ECF No. 41 ¶ 5). Neither contract provided that Frison's attorney fees or costs incurred during the confirmation proceedings would be allocated to Davison Design if the arbitrator's award was favorable to Frison and confirmed by the district court. (ECF Nos. 55-1; 55-2.) The Pre-Development Agreement and the IPRPA, however, provide that all unresolved disputes between the parties shall be submitted to arbitration. The Pre-Development Agreement, however, in pertinent part provides:

> For any dispute, the parties agree to seek to resolve the dispute through good faith negotiation. For any dispute not resolved through good faith negotiation, **the parties agree that all disputes shall be resolved through arbitration** before the American Arbitration Association ("AAA") in Pittsburgh, Pennsylvania using the Commercial Arbitration Rules in effect on the date that the claim is submitted to the AAA. Client agrees that any claim must be brought in an individual capacity, and not as a plaintiff or class member in any purported class or representative proceeding.

(ECF No. 55-1 ¶ C (emphasis added).) The IPRPA, in pertinent part, provides:

> This Agreement shall be governed by the law of the Commonwealth of Pennsylvania and is deemed to be executed, entered into and performed in Pittsburgh, Pennsylvania. For any dispute, the parties agree to seek to resolve the dispute through good faith negotiation. For any dispute not resolved through good

faith negotiation, **the parties agree that all disputes shall be resolved through arbitration** before the American Arbitration Association ("AAA") in Pittsburgh, Pennsylvania using the Commercial Arbitration Rules in effect on the date that the claim is submitted to the AAA. Client agrees that any claim must be brought in an individual capacity, and not as a plaintiff or class member in any purported class or representative proceeding.

(ECF No. 55-2 ¶ 4(A) (emphasis added).) Thus, to the extent the parties dispute whether Davison Design would be liable for the attorneys' fees and costs incurred by Frison during the confirmation proceedings, the dispute should have been presented to the arbitrator for resolution. The parties' agreements, however, do not provide this court a basis upon which to award Frison attorneys' fees and costs incurred in the confirmation proceedings.

### 2. Frison did not Identify a Statutory Basis Upon which to Overcome the Presumptive American Rule or Entitle Her to Costs.

An arbitrator may decide in the first instance whether a party is entitled to attorneys' fees or costs based upon the substantive law governing the parties' legal dispute.[1] Under the FAA, a district court may confirm, modify, or vacate an award of attorneys' fees and costs based upon an arbitrator's decision on the issue. The FAA, however, does not independently provide for an award of attorneys' fees or costs incurred as part of the confirmation proceedings before the district court. Menke v. Monchecourt, 17 F.3d 1007, 1009 (7th Cir. 1994) ("nothing in the Federal Arbitration Act which provides attorneys' fees to a party who is successful in seeking confirmation of an arbitration award in the federal courts"); Stone v. Bear, Stearns & Co., 872 F. Supp. 2d 435, 457 (E.D. Pa. 2012) ("The FAA does not typically provide for an award of attorneys' fees to a party who is successful in confirming an arbitration award."); Pacilli v. Philips Appel & Walden, Inc., No. MISC. A. 90-0263, 1991 WL 193507, at *7 (E.D. Pa. Sept.

---

[1] For example, in this case, the arbitrator decided whether Frison was entitled to attorneys' fees under the AIPA, which is the substantive statute giving rise to the parties' legal dispute.

4

24, 1991) ("Nothing in the Federal Arbitration Act appears to authorize an award of costs and attorneys' fees."). Thus, this court is without authority to award Frison attorneys' fees or costs under the FAA. In other words, the FAA does not provide Frison a statutory basis upon which to overcome the presumptive American Rule or otherwise entitle her to an award of costs incurred during the confirmation proceedings.

Frison argues that she is entitled to attorneys' fees and costs incurred during the confirmation proceedings before this court because the AIPA, which is the applicable substantive law, provides for an award of attorneys' fees and costs. Frison is correct that as an injured customer of Davison Design she may recover from Davison Design attorneys' fees and costs. 35 U.S.C. § 297(b). Frison's entitlement to attorneys' fees and costs under the AIPA, however, was decided by the arbitrator, and the arbitrator's decisions was confirmed by this court. Any dispute between the parties is required by their agreements to be submitted to arbitration. The AIPA does not provide this court the authority to independently award attorneys' fees or costs incurred as part of the confirmation proceedings and modification of the arbitrator's award under the FAA is not warranted in this case. Thus, Frison failed to satisfy her burden to overcome the presumptive American Rule that each party must bear its own attorneys' fees or that she is entitled to an award of costs. Menke, 17 F.3d at 1009-10; Crossville Med. Oncology, P.C. v. Glenwood Sys., LLC, 610 F. App'x 464, 470 (6th Cir. 2015).

In Menke, the plaintiff initiated an action in the district court to confirm an arbitration award entered in her favor. Menke, 17 F.3d at 1008. The district court confirmed the award, and the plaintiff sought attorneys' fees incurred during the confirmation proceedings. Id. The district court denied the plaintiff's request for attorneys' fees and the plaintiff appealed that decision. Id. The Court of Appeals for the Seventh Circuit recognized that the FAA did not provide the

plaintiff with a right to attorneys' fees for the confirmation proceedings. Id. at 1009. The plaintiff argued, however, that she was entitled to attorneys' fees incurred in the confirmation proceedings because the state law under which she stated her legal claims authorized an award of attorneys' fees "incurred in defending against an appeal" and the confirmation proceeding was like an appeal. Id. The court of appeals disagreed that a confirmation proceeding was liken to an appeal and explained:

> This comparison between a confirmation proceeding and an appeal ignores the district court's very limited role in a confirmation action brought under the Federal Arbitration Act. Unlike the usual civil appeal, where the successful party is usually defending the lower court's decision on the merits, an action for confirmation under 9 U.S.C. § 9 is intended to be a summary proceeding that merely makes the arbitrators' award a final, enforceable judgment of the court. See Florasynth, Inc. v. Pickholz, 750 F.2d 171, 176 (2d Cir.1986) (citations omitted).
> …
> The grounds given for vacating or modifying the arbitrators' award are limited solely to instances where the award was obtained through fraud or other misconduct, see 9 U.S.C. § 10(a)(1)–(5), or the award is miscalculated, based on a matter not submitted before the board, or is otherwise imperfect in form. See 9 U.S.C. § 11(a)–(c).

Menke, 17 F.3d at 1009.

The court of appeals commented that even if a confirmation proceeding was similar to an appeal, the FAA did not provide the district court authority to award attorneys' fees incurred in the confirmation proceeding. Under those circumstances, awarding attorneys' fees incurred in the confirmation proceeding would be beyond the scope of the FAA under which a district court may only in *limited circumstances* confirm, vacate, or modify an arbitrator's award. Id. (citing Schlobohm v. Pepperidge Farm, Inc., 806 F.2d 578 (5th Cir. 1986)); 9 U.S.C. §§ 9, 10. The court of appeals emphasized that pursuant to the arbitration agreement between the parties, all their disputes were required to be presented to an arbitrator. The arbitrator decided that the plaintiff was entitled to $8,000.00 in attorneys' fees. The district court's consideration of whether an

6

additional award of attorneys' fees would be appropriate, therefore, would have been "an unwarranted modification of the arbitrators' award inconsistent with…[the district court's] limited review under the….[FAA]." Id. at 1010. The Sixth Circuit Court of Appeals in Crossville considered the same issue and followed the rationale set forth by the Seventh Circuit Court of Appeals in Menke to conclude that the district court was without jurisdiction to award attorneys' fees incurred during the confirmation proceedings. Crossville, 610 F. App'x at 467-70 ("Citing Menke, the district court held that it did not have jurisdiction to award attorneys' fees for post-arbitration litigation, and we agree.").

Frison cites Dungee v. Davison Design & Development, Inc., Civ. Action No. 10-325, 2018 WL 1110249 (D. Del. Mar. 1, 2018), in support of her argument that "[w]hen a claim under the…[AIPA] is appealed and the verdict in favor of the customer is sustained on appeal, it is permissible for the court to award 'fees on fees' to compensate the injured consumer for the fees and costs of appeal." (ECF No. 53 ¶ 8 (citing Dungee, 2018 WL 11102249; Comm'r I.N.S. v. Jean, 469 U.S. 154, 163 n.10 (1990).) Frison's reliance on Dungee is misplaced for two reasons. First, the plaintiff in Dungee filed an action under the AIPA directly with the district court. The case did not first arise in arbitration and proceed to confirmation proceedings in the district court. Id. at *1. Second, Frison's argument is similar to the rejected argument made by the plaintiff in Menke, i.e., an appeal from the district court to the court of appeals is likened to a party seeking the confirmation of an arbitration ruling in the district court. As the Seventh Circuit Court of Appeals explained in Menke, however, an appellate ruling on the merits is not likened to a confirmation proceeding during which the district court's role is very limited. There is no dispute here that § 297(b) of the AIPA provides for an award of attorneys' fees. The relevant statute in this case, however, is the FAA, which does not provide for an award of attorneys' fees.

7

The court is also not persuaded by Frison's citation to Jean, which is easily distinguishable. In Jean, the Supreme Court of the United States decided the circumstances in which a court may award "fees and other expenses" to private parties who prevail against the United States of America under the Equal Access to Justice Act, 5 U.S.C. § 504; 28 U.S.C. § 2412. The Court did not address whether a litigant is entitled to attorneys' fees incurred during a confirmation proceeding under the FAA despite the FAA being silent on the issue.

Based upon the foregoing, Frison did not satisfy her burden to show that there is a statutory basis to overcome the presumptive American Rule that each party is responsible for its own attorneys' fees. Frison and Davison Design agreed to submit all their disputes to the arbitrator. The arbitrator determined under the AIPA the attorneys' fees to which Frison was entitled. This court under the FAA had authority under limited circumstances to confirm, vacate, or modify the award. For the reasons set forth in the opinion on the motions for summary judgment, the court confirmed the award.

### 3. Frison is not Entitled to an Award of Attorneys' Fees under the Court's Equitable Powers.

As discussed above, a district court may award attorneys' fees to a party in the "exercise of…[its] equitable powers" when the party's opponent has acted "in bad faith, vexatiously, wantonly, or for oppressive reasons." Hall, 412 U.S. at 5. Frison did not present any argument or evidence to the court to show Davison Design acted in bad faith, vexatiously, wantonly, or for oppressive reasons. The court cannot, therefore, exercise its equitable powers to order Davison Design to pay Frison attorneys' fees incurred in the confirmation proceedings.

### III. Costs

Frison also requests from Davison Design costs in the amount of $41.73. The FAA does not provide for the recovery of costs to the prevailing party, and, here, the parties' agreements do

not provide for an allocation of costs. Frison argues that the AIPA provides for the recovery of costs. For the same reasons that Frison cannot rely upon the AIPA to obtain attorneys' fees in this case, however, she cannot rely upon the AIPA to obtain costs. The AIPA is not the applicable statute upon which the present confirmation proceeding was filed.

Federal Rule of Civil Procedure 54(d)(1), however, provides that "[t]he prevailing party in a federal civil action is entitled to costs, 'as of course,' except in cases in which either a federal rule or statute otherwise provides, or in cases in which the district court 'otherwise directs.'" In re Paoli R.R. Yard PCB Litig., 221 F.3d 449, 462 (3d Cir. 2000) (quoting FED. R. CIV. P. 54(d).) The Third Circuit Court of Appeals has recognized that Rule 54(d)(1) creates a "'strong presumption' that costs are to be awarded to the prevailing party." Reger v. The Nemours Found., Inc., 599 F.3d 285, 288 (3d Cir. 2010) (quoting Paoli, 221 F.3d at 462). A "prevailing party" for the purposes of Rule 54(d)(1) is, among other things, a party "who obtains a judgement in his [or her] favor[.]" Walker v. Robbins Hose Fire Co. No. 1, 622 F.2d 692, 695 (3d Cir. 1980); 5C CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1383 (4th ed.) ("Usually the litigant in whose favor judgment is rendered is the prevailing party for purposes of Rule 54(d)."). Courts have recognized that the party for whom the district court confirms the arbitration award is a "prevailing party" under Rule 54(d). See, e.g., CF Glob. Trading, LLC v. Wassenaar, No. 13 CIV. 766 KPF, 2013 WL 5538659, at *11 (S.D.N.Y. Oct. 8, 2013) (awarding costs under Rule 54 to the prevailing party in the confirmation proceeding before the district court); Aqua Toy Store, Inc. v. Triplecheck, Inc., No. 04-22396-CIV, 2005 WL 8156565, at *3 (S.D. Fla. July 15, 2005), report and recommendation adopted, No. 04-22396-CIV, 2005 WL 8156563 (S.D. Fla. Aug. 19, 2005) ("Triplecheck prevailed in the present case as the Court granted their application for confirmation of arbitration award….Accordingly, Triplecheck is entitled to receive all costs

recoverable under 28 U.S.C. § 1920.); Lummus Glob. Amazonas, S.A. v. Aguaytia Energy del Peru, S.A. Ltda., No. CIV.A.H-01-495, 2002 WL 31416834, at *2–3 (S.D. Tex. July 17, 2002) (awarding costs under Rule 54(d) to the party who prevailed before the arbitrator and was the "prevailing party in…[the] action to confirm and enter judgment enforcing the arbitration award"); see also Willacy v. Marotta, 683 F. App'x 468, 476 (6th Cir. 2017) (declining to award the plaintiff costs incurred during a confirmation proceeding because he was not the prevailing party where the district court confirmed the arbitration award in favor of the defendants);

"To overcome the presumption favoring the prevailing party and to deny that party costs, a district court must "'support[ ] that determination with an explanation.'" Paoli, 221 F.3d at 462 (quoting Institutionalized Juveniles v. Secretary of Pub. Welfare, 758 F.2d 897, 926 (3d Cir.1985)). The "losing party bears the burden of making the showing that an award is inequitable under the circumstances." Paoli, 221 F.3d at 462-63. Factors that may be considered to determine whether an award of costs is equitable are:

> (1) the unclean hands, or bad faith or dilatory tactics, of the prevailing party; (2) the good faith of the losing party and the closeness and difficulty of the issues they raised; (3) the relative disparity of wealth between the parties; and (4) the indigence or inability to pay a costs award by a losing party.

Id.

Here, the strong presumption in favor of awarding costs applies because Frison, the party requesting costs, is the prevailing party. This court confirmed the arbitration award and entered judgment in her favor. Davison Design did not argue that any equitable factors overcome the strong presumption. Thus, Frison under Rule 54(d) is entitled to receive all costs recoverable under 28 U.S.C. § 1920. Pursuant to Rule 54 and Local Rule 54(B) of the United States District Court for the Western District of Pennsylvania, the Clerk of Court taxes costs. FED. R. CIV. P. 54(d)(1); LCvR 54(B). If a party has an objection to the Clerk of Court's taxation of costs, a motion may be

10

filed with the presiding district court judge to review the Clerk of Court's decision. FED. R. CIV. P. 54(d)(1) ("On motion served within the next 7 days, the court may review the clerk's action."). Accordingly, this court declines in the first instance to award costs, and the motion to award costs will be denied without prejudice. Frison must first submit a bill of costs to the Clerk of Court. See McKenna v. City of Philadelphia, 582 F.3d 447, 454 (3d Cir. 2009) ("Under the procedures outlined in Fed.R.Civ.P. 54(d)(1) and Local Rule 54.1(b), the Clerk taxes costs, and then, if there is an objection to the Clerk's action, the District Court reviews the Clerk's award.").

**IV.     Conclusion**

Frison did not overcome the presumptive American Rule, which provides that each party is responsible for its attorneys' fees. Frison, however, is the prevailing party in this case, and, therefore, she is entitled to costs under Rule 54(d)(1). The motion for attorney fees and costs (ECF No. 53) will, therefore, be denied with prejudice with respect to Frison's request for attorneys' fees and denied without prejudice with respect to her requests for costs.

An appropriate order will be entered.

BY THE COURT,

Dated: April 18, 2019

/s/ JOY FLOWERS CONTI
Joy Flowers Conti
Senior United States District Court Judge